UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

C.A.T. GLOBAL INC.,

    Plaintiff,                                        Case No. 24-cv-10319

v.

                                                  Hon. Sean F. Cox
GILL X TRANSPORT GROUP,         United States District Court Judge

    Defendant.
_____/

**ORDER FOR SUPPLEMENTAL BRIEFING ON PLAINTIFF'S MOTION
FOR ENTRY OF DEFAULT JUDGMENT (ECF No. 14)**

The plaintiff moves for default judgment, but it is unclear whether the defendant was properly served with process and whether such service established personal jurisdiction over the defendant. Thus, the Court shall order the plaintiff to brief those issues.

## BACKGROUND

Plaintiff C.A.T. Global, Inc. sues Defendant Gill X Transportation Group under the Carmack Amendment, 49 U.S.C. § 14706. Plaintiff pleads that Defendant is liable for a shipment that Defendant picked up in Ontario, Canada; transported through this District; and delivered to Alberta, Canada, in a damaged condition. Plaintiff also pleads that both it and Defendant are Canadian corporations with their principal places of business in Canada. And Plaintiff pleads that Defendant does business in Michigan and throughout the United States.

Plaintiff submitted an affidavit from a process server stating that process was served on a firm called "Sedgwick," which is Defendant's "insurer." (ECF No. 9, PageID.27). That affidavit also states that service on Sedgwick qualified as service on Defendant under the laws of Ontario, and therefore that service comported with article 10(b) of the Hague Service Convention. Defendant has not made any appearance in this action.

1

Plaintiff obtained a clerk's entry of default and now moves for default judgment. Taking the pleadings as true and considering the process server's affidavit, the Court is unsure whether Plaintiff is entitled to default judgment. Thus, the Court shall order supplemental briefing.

## STANDARD OF REVIEW

"[I]n rendering a default judgment the Court can only give to the plaintiff such relief as was proper upon the face of the bill." *Nat'l Disc. Corp. v. O'Mell*, 194 F.2d 452, 456 (6th Cir. 1952). No relief is proper unless the Court "has jurisdiction over the defendant." *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 845 (E.D. Mich. 2006). And "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *See Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

## ANALYSIS

It is unclear whether Defendant was properly served with process and, if so, whether such service established personal jurisdiction over Defendant.

**I.      Service of Process**

Plaintiff's process-server affidavit states that Defendant was served under article 10(b) of the Hague Service Convention. But it is unclear whether this is true.

Corporations may be served in foreign countries "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Service Convention." Fed. R. Civ. P. 4(f)(1); *see also* Fed. R. Civ. P. 4(h)(2) (permitting service on corporations under Rule 4(f)(1)). The Convention is a treaty addressing international service of process that the United States and Canada have both ratified. Convention for Service Abroad of Judicial and Extrajudicial Documents, *opened for signature* Nov. 15, 1965, 20 U.S.T. 361 [hereinafter Hague Service Convention]; Convention on the Service Abroad of Judicial and

Extrajudicial Documents in Civil or Commercial Matters, Accession by Canada, Sept. 26, 1988, 1529 U.N.T.S. 1989 [hereinafter Accession by Canada].

"The 'primary innovation' of the Hague Service Convention . . . is that it 'requires each state to establish a central authority to receive requests for service of documents from other countries.'" *Water Splash, Inc. v. Melon*, 581 U.S. 271, 275 (2017) (quoting *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988)). And "[a]rticle[] 10(b) . . . address[es] additional methods of service that are permitted by the Convention (unless the receiving state objects)." *Id.* at 276.

Article 10(b) discusses service by "judicial officers, officials or other competent persons of the State of origin . . . directly through the judicial officers, officials or other competent persons of the State of destination." Hague Service Convention, *supra*, art. 10(b), 20 U.S.T. at 363. Canada has not objected to article 10(b). Accession by Canada, *supra*.

It is unclear whether Defendant was properly served under these provisions. It is also unclear whether service on Defendant's "insurer" was reasonably calculated to give notice as required by Rule 4(f)(1). As such, the Court shall order Plaintiff to brief service of process.

**II.     Personal Jurisdiction**

Under the heading "Jurisdiction," the complaint alleges that Defendant transported the shipment in issue through this District. (ECF No. 1, PageID.2). Thus, the Court presumes that Plaintiff relies on that fact as the basis for personal jurisdiction over Defendant. But it is unclear whether a federal court may exercise personal jurisdiction over a carrier in a Carmack case just because the damaged shipment passed through the forum State.

The Federal Rules of Civil Procedure link service of process and personal jurisdiction. *See Canaday v. Anthem Cos., Inc.*, 9 F.4th 392, 395–98 (6th Cir. 2021). Proper service establishes personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of

general jurisdiction in the state where the district court is located."[1] Fed. R. Civ. P. 4(k)(1)(A). And "if the defendant is not subject to jurisdiction in any state's courts of general jurisdiction," then proper service establishes personal jurisdiction over the defendant so long as "exercising jurisdiction is consistent with the United States Constitution and laws." Fed. R. Civ. P. 4(k)(2).

This is seemingly not the "exceptional case" where general personal jurisdiction would lie because Defendant's "operations" in the relevant forum are "so substantial and of such a nature as to render [Defendant] essentially at home in that" forum. *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (2014). So, Plaintiff ostensibly must rely on specific personal jurisdiction.

Specific personal jurisdiction requires a sufficient connection between the action and the defendant's contacts with some forum (here, Michigan or the United States as a whole). *See Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945). There are a few ways to think about this requirement in the Carmack context.

One way would be to examine the parties' bill of lading and determine whether it described shipment through the forum. *See, e.g.*, *United Van Lines, LLC v. Marks*, 366 F. Supp. 2d 468, 472–73 (S.D. Tex. 2005). Another way would be to determine whether the shipment at issue was damaged in the forum. *See, e.g.*, *Fulton v. Chicago, Rock Island & Pac. R.R. Co.*, 481 F.2d 326, 334–35 (8th Cir. 1973). But Plaintiff makes neither showing here.

In *C.A.T. Global Inc. v. OTT Transportation Services*, this Court recognized that a defendant carrier's transportation of a shipment through Michigan established specific personal jurisdiction under Michigan law in a Carmack case. No. 24-cv-10320, 2024 WL 3043530, at *2–3 (E.D. Mich. June 18, 2024). But *C.A.T. Global* did not explain *why* that was true; it stated

---

[1] Service on defendants joined under Federal Rule of Civil Procedure 14 or 19 and service under a statute that permits nationwide service of process also establishes personal jurisdiction. *See* Fed. R. Civ. P. 4(k)(1)(B), (C). But neither of these circumstances are present here.

4

only that the relevant test of personal jurisdiction is "lenient." *Id.* at *2 (quoting *Bradley v. Smith*, No. 22-cv-11457, 2023 WL 6302999, at *6 (E.D. Mich. Sept. 27, 2023)).

Thus, the Court shall also order Plaintiff to brief personal jurisdiction.

## CONCLUSION & ORDER

It is unclear whether service of process on Defendant was proper, and, if so, whether this Court could exercise personal jurisdiction over Defendant in any event. Accordingly, **IT IS ORDERED** that Plaintiff shall, **on or before November 12, 2024**, file a supplemental brief of **no more than fifteen (15) pages** addressing **only** the following questions: (1) whether Defendant was properly served with process under Rule 4(f)(1) or (2); and, if so, (2) whether such service was sufficient to establish personal jurisdiction over Defendant under Rule 4(k)(1)(A) or (2).

**IT IS SO ORDERED.**

Dated: October 29, 2024

s/Sean F. Cox
Sean F. Cox
U. S. District Judge

I hereby certify that on October 29, 2024, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

s/Jennifer McCoy
Case Manager

5