UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

C.A.T. GLOBAL INC.,

    Plaintiff,

v.

GILL X TRANSPORT GROUP,

    Defendant.
_____/

Case No. 24-cv-10319

Hon. Sean F. Cox
United States District Court Judge

**OPINION & ORDER**
**DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF No. 14) AND QUASHING SERVICE OF PROCESS**

The plaintiff in this civil action, C.A.T. Global Inc. ("CAT"), moves for a default judgment against the defendant, Gill X Transportation Group ("Gill"), after Gill was defaulted for failing to appear. But CAT never served Gill with process, so the Court denies CAT's motion, quashes service, and sets a deadline for CAT to serve Gill.

**BACKGROUND**

This action arises under the Carmack Amendment, which is a federal statute that imposes strict liability on common carriers for damage to goods that occurred during shipment. *See* 49 U.S.C. § 14706. CAT filed its complaint on February 7, 2024, and alleges the following facts in support of its Carmack claim. CAT and Gill are both Canadian corporations with their principal places of business in Canada. CAT brokered a shipment of goods from Ontario to Alberta, Canada, by truck. Gill fulfilled that shipment and transported the goods through this District. The goods were damaged in transit, and CAT paid the buyer for the damage. But Gill refuses to make CAT whole, and CAT seeks $80,326.50 Canadian dollars in damages.

1

Gill never made an appearance in this action, and the Clerk entered Gill's default on July 19, 2024. CAT now moves for a default judgment, and the Court ordered CAT to brief service of process. That briefing has now concluded, and the Court held a hearing on CAT's motion. CAT's proof of service shows that a Canadian process server delivered copies of this Court's summons and CAT's complaint to Gill's insurer at the insurer's place of business in Canada on June 6, 2024. But CAT's proof of service does *not* show that it properly served Gill, so the Court shall deny CAT's motion for default judgment, quash service, and set a deadline for CAT to serve Gill.

## STANDARD OF REVIEW

"[P]roper service of process . . . is a prerequisite to entry of default or default judgment." *Meitzner v. City of Sterling Heights*, Nos. 22-1634, 22-1635, 2023 WL 5275100, at *3 (6th Cir. Mar. 29, 2023); *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003) ("Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties."). And "[u]nless service is waived, proof of service must be made to the court." Fed. R. Civ. P. 4(l)(1); *see also Stern v. Beer*, 200 F.2d 794, 795–96 (6th Cir. 1952) (explaining that a plaintiff must "support[]" his or her "jurisdictional averments by competent proof" when "they are questioned by the Court"). Gill never waived service, so the Court must determine whether CAT proves that it served Gill.

## ANALYSIS

The issues presented by CAT's motion are whether it served Gill with process, and, if not, what happens next. Federal law requires motor carriers that transport goods in the United States to appoint agents for service of process in each State where the carrier operates. 49 U.S.C. § 13304(a). But CAT did not deliver process to Gill's agent in Michigan; CAT delivered process to Gill's insurer in Canada. The Carmack Amendment does not address service of process, so

2

the Federal Rules of Civil Procedure control whether CAT's method of service was proper. And Rule 4(h)(2) states that corporations may be served "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). CAT attempted to serve Gill in Canada, so the Court must determine whether CAT served Gill under Rule 4(h)(2).

Rule 4(h)(2) points to Rule 4(f), which contains three paragraphs prescribing methods for serving individuals abroad. *See also Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) ("Rule 4(f) does not denote any hierarchy or preference for one method of service over another."). Paragraph (1) authorizes service "by any internationally agreed means . . . that is reasonably calculated to give notice, such as those authorized by the Hague [Service] Convention." *Id.* r. 4(f)(1). Paragraph (2) authorizes: (A) service "as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction"; (B) service "as the foreign authority directs in response to a letter rogatory"; and (C) certified-mail service "unless prohibited by the foreign country's law."[1] *Id.* r. 4(f)(2). And paragraph (3) authorizes service "by other means not prohibited by international agreement, as the court orders." *Id.* r. 4(f)(3). Here, CAT argues that it satisfied Rule 4(f)(1) because the Hague Service Convention authorizes service using a method prescribed by the law of the country where a defendant is located and it served Gill pursuant to Canadian law.

I. **Federal Rule of Civil Procedure 4(f)(1)**

Rule 4(f)(1) authorizes international service using a method authorized by the Hague Service Convention, and CAT argues that the Convention authorizes international service on defendants using a method prescribed by the law of the country where service was attempted.

---

[1] Paragraph (2) of Rule 4(f) also authorizes personal delivery of process, but Rule 4(h)(2) prohibits serving corporations by "personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2).

3

CAT concludes that it satisfied Rule 4(f)(1) because it served Gill using a method prescribed by rule 128 of Canada's Federal Courts Rules ("CFCR 128"). As relevant to this argument, CFCR 128 lists methods for serving individuals in Canada's federal courts. *See* Federal Courts Rules r. 128, SOR/98-106 (Can.). But even if CAT complied with CFCR 128, it did not satisfy Rule 4(f)(1) because the Hauge Service Convention does not authorize service pursuant to foreign service-of-process rules.

The Hague Service Convention is a treaty addressing international service of process that the United States and Canada have ratified. Convention for Service Abroad of Judicial and Extrajudicial Documents, *opened for signature* Nov. 15, 1965, 20 U.S.T. 361 [hereinafter HSG]; Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Accession by Canada, Sept. 26, 1988, 1529 U.N.T.S. 1989. The Convention applies "in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." *Id.* art. 1. The Convention applies here because CAT transmitted copies of the Court's summons and CAT's complaint to Canada for service on Gill.[2]

The Convention's "'primary innovation' . . . is that it 'requires each state to establish a central authority to receive requests for service of documents from other countries.'" *Water Splash, Inc. v. Melon*, 581 U.S. 271, 275 (2017) (quoting *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988)). Upon receiving such a request, a country's central authority

---

[2] The Convention does *not* apply "where the address of the person to be served with the document is not known." HSG art. 1, *supra*. At the hearing on CAT's motion, CAT would not confirm that it did not know Gill's address. Whether CAT knows Gill's address is irrelevant for the purposes of ruling on CAT's motion for default judgment because, as discussed below, neither the Hague Service Convention nor otherwise-applicable law authorized CAT's method of service. But whether CAT knows Gill's address *would* be relevant if CAT attempts to serve Gill using some other method that the Convention *prohibits*.

4

is responsible for effecting service. HSG art. 5, *supra*. Indeed, service through a country's central authority is the only method of service that the Convention affirmatively authorizes, and "Rule 4(f)(1) does not go beyond means of service affirmatively authorized by international agreements." *Brockmeyer v. May*, 383 F.3d 798, 804 (9th Cir. 2004). Accordingly, CAT did not serve Gill pursuant to Rule 4(f)(1) because the Convention does not authorize service using a method prescribed by CFCR 128.

CAT disagrees and points to *Signify North American Corporation v. Axis Lighting Inc.*, 19-cv-05516, 2019 WL 4994288 (S.D.N.Y. Oct. 18, 2019). There, the plaintiff argued that article 10(b) of the Convention authorized service on defendant in Quebec, Canada, using a method prescribed by Quebecois law for service in Quebec's courts. Article 10 of the Convention contains three sections listing different methods of service and states that the Convention "shall not interfere with . . . the freedom" to effect service using those methods "[p]rovided the State of destination does not object." HSG art. 10, *supra*. Article 10(a) lists service "by postal channels"; article 10(b) lists service "directly through . . . competent persons of the State of destination" by "competent persons of the State of origin"; and article 10(c) lists service "directly through . . . competent persons of the State of destination" by "any person interested in a judicial proceeding." *Id.* The *Signify* court agreed with the plaintiff and held that it had effected service under article 10(b). Assuming that CAT satisfied CFCR 128, *Signify* supports CAT's position. But *Signify* was wrongly decided.

*Signify* contradicts *Water Splash, Inc. v. Menon*, 581 U.S. 271 (2017). There, the parties to a civil action in a Texas court disputed whether the plaintiff has properly served the defendant in Canada by delivering process through the mail. The defendant argued that the Hague Service Convention (which applied in Texas courts by virtue of the Supremacy Clause) implicitly

5

prohibited mail service because the Convention only affirmatively authorized service through Canada's central authority under the Convention. The Texas Court of Appeals agreed with the defendant, but the Supreme Court did not.

According to the Supreme Court, the fact that article 10(a) of the Convention listed mail service as a method of service that the Convention "shall not interfere with" absent an objection by the country where service is attempted meant that the Convention does not prohibit mail service unless such country objected to article 10(a). HSG art. 10, *supra*. Canada did not object to article 10(a), so the Supreme Court reversed the Texas Court of Appeals. But *Water Splash* cautioned that the Convention "does not . . . *affirmatively authorize*[] service by mail," and therefore the plaintiff still had to show that "service by mail is authorized under otherwise-applicable law." *Water Splash*, 581 U.S. at 271. The Supreme Court accordingly remanded for "consider[ation of] whether Texas law authorizes the methods of service" that the plaintiff had used. *Id.* Although *Water Splash* involved a state-court action, it applies with equal force in this Court.

Per *Water Splash*, defendants may use article 10 of the Convention as a shield against service of process if: (1) the Convention applies; (2) article 10 lists the plaintiff's method of service; and (3) the country where service was attempted objected to the relevant part of article 10. But *Water Splash* makes clear that plaintiffs who choose not to effect international service through a country's central authority under the Convention may not use article 10 as a sword to effect service by some other method; such plaintiffs must still point to some otherwise-applicable law of the forum authorizing their method of service. So, even if CAT satisfied CFCR 128 and article 10 described CAT's method of service, the Convention did not *authorize* that method of service. It follows that CAT did not satisfy Rule 4(f)(1) by serving Gill using a method

6

"authorized by the Hague [Service] Convention," Fed. R. Civ. P. 4(f)(1), and CAT must point to some otherwise-applicable law authorizing its method of service. *Contra C.A.T. Global Inc. v. OTT Transp. Servs.*, No. 24-cv-10320, 2024 WL 3043530, at *3 (E.D. Mich. June 18, 2024) (concluding that the plaintiff's delivery of process to a defendant in Canada using a method listed in article 10 of the Convention satisfied Rule 4(f)(1)).

As discussed above, Rule 4(h)(2) is the only relevant service-of-process rule here. Rule 4(h)(2) incorporates most of Rule 4(f), and Rule 4(f) points to the Hague Service Convention (Rule 4(f)(1)); Canadian law for Canadian courts of general jurisdiction (Rule 4(f)(2)(A)); and Canadian letters rogatory (Rule 4(f)(2)(B)). Rule 4(f) also authorizes certified-mail service unless Canadian law prohibits such service (Rule 4(f)(2)(C)) as well as substituted service with leave of court (Rule 4(f)(3)). *See Brockmeyer*, 383 F.3d at 806 (holding that a plaintiff "must obtain prior court approval" before attempting substituted service under Rule 4(f)(3)). Here, the Convention did not authorize CAT's method of service; CAT never pursued a letter rogatory; CAT never attempted certified-mail service; and CAT never obtained permission for substituted service. So, service pursuant to Rule 4(f)(2)(A) using a method prescribed by Canadian law for Canadian courts of general jurisdiction is CAT's only option to show that its method of service was authorized by otherwise-applicable law.

## II. Federal Rule of Civil Procedure 4(f)(2)(A)

Recall that CAT argues it served Gill pursuant to CFCR 128, which is a service-of-process rule for Canada's federal courts. CFCR 128 lists six methods of service under the hearing "Personal service on individual." Federal Courts Rules r. 128. CAT relies on CFCR 128's third method, which applies to "service of a document on an individual . . . where the individual is carrying on a business in Canada." *Id.* r. 128(1)(c). Per CFCR 128, such individuals may be served "by leaving the document with the person apparently having control

7

or management of the business at any place where the business is carried on in Canada." *Id.* CAT concludes that it satisfied CFCR 128 when it delivered process to Gill's insurer because Gill's insurer had apparent control or management over Gill. Assuming that Canada's federal courts are courts of general jurisdiction, service on an *individual* pursuant to CFCR 128 would ostensibly satisfy Rule 4(f)(2)(A). But CAT did not satisfy Rule 4(f)(2)(A) because CFCR 128 only applies to individuals and not corporations such as Gill.

CAT disagrees because Rule 4(h)(2) authorizes international service on corporations "in any manner prescribed by Rule 4(f) *for serving an individual*."[3] Fed. R. Civ. P. 4(h)(2) (emphasis added). According to CAT, Rule 4(h)(2)'s "for serving an individual" language authorized it to serve Gill pursuant to a Canadian service-of-process rule such as CFCR 128 that only applies to individuals. CAT's interpretation of Rule 4(h)(2) would also mean that Rule 4 *prohibits* (or at least does not authorize) international service on corporations pursuant to foreign service-of-process rules that only apply to corporations and not individuals. CAT's interpretation of Rule 4(h)(2) is wrong.

Rule 4(f)(2)(A) authorizes international service on individuals pursuant to *applicable* foreign service-of-process rules, and Rule 4(h)(2) does the same with respect to corporations. Stated differently, Rule 4(f)(2)(A) and (h)(2) do not permit this Court to ignore the fact that a foreign country links its methods of service to a defendant's status as an individual or a corporation. *See, e.g.*, *Mitchell v. Theriault*, 516 F. Supp. 2d 450, 457 (M.D. Pa. 1997) (rejecting registered-mail service on a corporation in Quebec because "[s]ervice on a corporation by registered mail is not mentioned in Quebec's code, or in Canada's rules of civil procedure");

---

[3] CAT makes this point in connection with its argument that it satisfied Rule 4(f)(1), but the point applies with equal force to service on corporations using a method prescribed by Rule 4(f)(2)(A).

8

*Cosmetech Int'l, LLC v. Der Kwei Enters. & Co., Ltd.*, 943 F. Supp. 311, 316 (S.D.N.Y. 1996) (approving service on corporation in Taiwan by delivery of process to the corporation's manager because "Taiwan law expressly permits service upon a corporation by delivery to 'the manager concerned'"). Rule 4(h)(2)'s history and purpose support this interpretation.

International service was formerly governed by Rule 4(i), which authorized international "service upon a *party* . . . in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction." Fed. R. Civ. P. 4(i), 28 U.S.C. app. (1988) (repealed 1993) (emphasis added). Thus, former Rule 4(i) required federal courts to respect any lines that a foreign country drew between its methods of service for individuals and its methods of service for corporations. In 1993, Rule 4(i)'s international-service provisions were moved to Rule 4(f), which only applied to individuals, and Rule 4(h)(2) was created to address international service on corporations. And Rule 4(h)(2) "contains the provisions for service on a corporation or association in a foreign country, *as formerly found in subdivision (i)*." Fed. R. Civ. P. 4 advisory committee's note to 1993 amendment (emphasis added). Thus, Rule 4(h)(2) does not authorize international service on corporations using foreign service-of-process rules that only apply to individuals.

CAT's interpretation of Rule 4(h)(2) would also undermine the reason that Rule 4 authorizes international service pursuant to foreign service-of-process rules in the first place: To "provide[] an alternative [method of service] that is likely to create least objection in the place of service and also is likely to enhance the possibilities of securing ultimate enforcement of the judgment abroad." *Id.* advisory committee's note to 1963 amendment. If Rule 4(h)(2) authorizes international service on corporations pursuant to foreign service-of-process rules that

9

do not apply to corporations, then Rule 4(h)(2) would *increase* objections to service in foreign countries and *decrease* the likelihood that federal-court judgments would be enforced abroad.

In sum, Rule 4(h)(2) only authorizes international service on corporations pursuant to foreign service-of-process rules that apply to corporations. CFCR 128 fails this test because it only applies to individuals, and thus no otherwise-applicable law authorized CAT's method of service. CAT accordingly did not serve Gill under Rule 4(h)(2) and the Court shall deny its motion for default judgment.

### III.  Next Steps

Where serve of process is improper, "the court has 'broad discretion to dismiss the action or to retain the case but quash the service' that has been made." *Voice Sys. Mktg. Co. v. Appropriate Tech. Corp.*, 153 F.R.D. 117, 120 (E.D. Mich. 1994) (quoting Wright & Miller, *Federal Practice and Procedure* § 1354 (n.d.)). "The choice between quashing service and dismissing the complaint depends upon whether the plaintiff is likely to be able to effectuate proper service by another means." *K Mart Corp. v. Gen-Star Indus. Co.*, 110 F.R.D. 310, 315 (E.D. Mich. 1986). Nothing in the record suggests that CAT will be unable to properly serve Gill, so the Court shall quash service and set a deadline for CAT to serve Gill.

### CONCLUSION & ORDER

Rule 4(f)(1) did not authorize CAT to serve Gill using a method prescribed by CFCR 128 because the Hague Service Convention does not affirmatively authorize service pursuant to a Canadian service-of-process rule. CAT must point to some otherwise-applicable law authorizing its method of service, and the method prescribed by Rule 4(f)(2)(A)—service pursuant to a Canadian service-of-process rule that applies in Canada's courts of general jurisdiction—is CAT's only option. But Rule 4(f)(2)(A) did not authorize CAT to serve Gill using a method prescribed by CFCR 128 because CFCR 128 does not apply to corporations such as Gill. So,

CAT did not serve Gill.  But CAT may yet properly serve Gill in this action.  Accordingly, **IT IS ORDERED** that CAT's motion for default judgment (ECF No. 14) is **DENIED without prejudice**, service of process is **QUASHED**, and the Clerk's entry of Gill's default (ECF No. 12) is **VACATED**.  **IT IS FURTHER ORDERED** that if CAT does not effect service of process **on or before June 14, 2025**, then the Court shall dismiss this action without prejudice.

    **IT IS SO ORDERED.**

<u>s/Sean F. Cox</u>
Sean F. Cox
United States District Judge
