AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

C.A.T. Global, Inc.,

*Plaintiff,*

v.  Case No. 2:24–cv–10319–SFC–DRG
Hon. Sean F. Cox

Gill X Transport Group,

*Defendant.*

**SUMMONS IN A CIVIL ACTION**

To: Gill X Transport Group

    A lawsuit has been filed against you.

    Within 21 days after service of this summons on you (not counting the day you received it) - or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) - you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

        Dirk H. Beckwith
        28411 Northwestern Highway
        Suite 500
        Southfield, MI
        48034

    If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*KINIKIA D. ESSIX, CLERK OF COURT*      By: s/ L. Granger
                                                    *Signature of Clerk or Deputy Clerk*

                                                             Date of Issuance: February 8, 2024



AO 440 (Rev. 06/12) Summons in a Civil Action

# PROOF OF SERVICE

*(This section should not be filed with the Court unless required by Fed. R. Civ. P. 4(l))*

Case No. 2:24–cv–10319–SFC–DRG

This summons for *(name of individual and title, if any)* Gill X Transport Group was received by me on *(date)* January 28, 2025

[ ] I personally served the summons on the individual at *(place)* _____ on *(date)* _____ ; or

[ ] I left the summons at the individual's residence or usual place of abode with *(name)* _____ a person of suitable age and discretion who resides there, on *(date)* _____ , and mailed a copy to the individual's last known address; or

[X] I served the summons on *(name of individual)* Mandeep Dhaliwal , who is designated by law to accept service of process on behalf of *(name of organization)* Gill X Transport Group on (date) January 30, 2025 ; or

[ ] I returned the summons unexecuted because _____ ; or

[ ] Other: *(specify)*: _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under the penalty of perjury that this information is true.

Date: June 2, 2025

/s Sara Mishic
*Server's Signature*
Sara Mishic, Paralegal
*Printed Name and Title*
127 Public Square, Suite 4900, Cleveland, OH 44114
*Server's address*

Additional information regarding attempted service, etc.:

June 02, 2025

Dear Customer,

The following is the proof-of-delivery for tracking number: 771724848586

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered To: | Residence |
| Signed for by: | D.HALIWAL | Delivery Location: | 3108 RUNDLELAWN RD NE |
| Service type: | FedEx International Economy | | |
| Special Handling: | Deliver Weekday; Residential Delivery; Adult Signature Required | | CALGARY, AB, T1Y3H5 |
| | | Delivery date: | Jan 30, 2025 12:41 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 771724848586 | Ship Date: | Jan 28, 2025 |
| | | Weight: | 0.5 LB/0.23 KG |

Recipient:
MANDEEP DHALIWAL, GILL X TRANSPORT GROUP
3108 RUNDLELAWN RD NE
CALGARY, AB, CA, T1Y3H5

Shipper:
SARA MISHIC, BENESCH FRIEDLANDER COPLAN ARONOFF
127 PUBLIC SQUARE
SUITE 4900
CLEVELAND, OH, US, 44114

Reference                    31384.69



Thank you for choosing FedEx

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

C.A.T. GLOBAL INC.
4, rue du Transport
Coteau-du-lac, Quebec J0P 1B0
Canada

CASE NO.

JUDGE

Plaintiff,

vs.

Gill X Transport Group
C/O Pawanjit Singh
128 Starhill Crescent
Brampton, Ontario L6R 2P9
Canada

Defendant.

### C.A.T. GLOBAL, INC.'S COMPLAINT AGAINST GILL X TRANSPORT GROUP and DEMAND FOR JURY TRIAL

C.A.T. Global, Inc. ("C.A.T.") for its complaint against Gill X Transport Group ("Gill"), C.A.T. Global Inc. ("C.A.T.") states as follows:

### PARTIES

1. C.A.T. is, and at all times mentioned herein was, a Canadian corporation organized and existing under the laws of the Province of Ontario with its principal place of business located at 4, rue du Transport, Coteau-du-lac, Quebec, Canada.

2. Upon information and belief, Gill is a Canadian corporation organized and existing under the laws of the Province of Ontario with a principal place of business located at 128 Starhill Crescent, Brampton, Ontario, Canada.

3. C.A.T. is a transportation and logistics broker.

4. Upon information and belief, Gill provides commercial motor transportation for compensation throughout the United States and Canada. In particular, Gill is a delivering motor

carrier that transports commercial goods via tractor trailer throughout the United States and Canada.

## JURISDICTION VENUE AND APPLICABLE LAW

5. This Court has jurisdiction over the subject matter of this action because C.A.T.'s claims arise under federal law, and the transportation of the property at issue constitutes transportation in commerce under 49 U.S.C. § 13102(14), (23) and 49 U.S.C. § 13501(1). More specifically, this case is governed by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 (the "Carmack Amendment"), because it concerns goods damaged by a delivering motor carrier during transportation.

6. Further, because this action is governed by the Carmack Amendment, and the matter in controversy for the applicable receipt or bill of lading exceeds $10,000.00 USD, exclusive of interest and costs, this Court has original subject matter jurisdiction over the claims under 28 U.S.C. § 1337(a).

7. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b)(2) because Gill does business in the jurisdiction, and the subject shipment, transported by Gill, traveled through this District.

## FACTS AND BACKGROUND

8. Gill, as a delivering motor carrier, was engaged by C.A.T., a broker, to transport a shipment of certain consumable products from the shipper, on behalf of C.A.T.'s client, Pepsi Co.

9. Accordingly, Gill, as a delivering motor carrier, was to transport a load of McCormick spices (the "Cargo") on behalf of C.A.T.'s client, Pepsi Co.

10. Gill was to transport the Cargo from Mississauga, Ontario to Alberta, Canada on or about November 19, 2022.

11. Accordingly, Gill picked up the Cargo on or about November 15, 2022, in Mississauga, Canada.

12. However, the Cargo was held by Gill and delivered three (3) weeks late with a broken seal.

13. The Cargo was refused by Pepsi Co. due to fear of contamination as a result of the broken seal.

14. Pepsi Co. made a claim with C.A.T. in the amount of $80,326.50 CAD.

15. C.A.T. paid Pepsi Co.'s claim on February 14, 2023, in total.

16. Consequently, C.A.T. is subrogated to Pepsi Co.'s interests and claims against Gill.

17. Shortly thereafter, C.A.T. made a Cargo Loss and Damage Claim to Gill in the amount of $80,326.50 CAD.

18. C.A.T. made written demands for payment to Gill, including a written demand on October 24, 2023. A copy of the October 24, 2023, demand letter is attached hereto as **Exhibit A.**

19. To date, Gill has not paid any portion of the claim.

20. To date, C.A.T. has incurred total damages in an amount to be proven at trial but believed to be in excess of $80,326.50 CAD.

## COUNT ONE
### (*Liability under the Carmack Amendment*)

21. C.A.T. adopts and incorporates by reference the allegations contained in Paragraphs 1 through 21 as if fully rewritten herein.

22. C.A.T., a transportation broker, arranged for Gill, a delivering motor carrier, to transport the Goods for Pepsi Co. from Mississauga, Ontario.

23. Gill provided carrier services to Pepsi Co. and C.A.T., by transporting, the Cargo, on or about November 19, 2022.

3

24. The shipment of the Goods left Mississauga, Ontario in good order.

25. Gill accepted the Cargo as carrier and acknowledged that the Goods were in good order. The Cargo was therefore tendered by Pepsi Co. to Gill, in good condition and without exception.

26. The Cargo was delivered three (3) weeks late with a broken seal.

27. Due to the broken seal, Pepsi Co. made a claim against C.A.T. for the value of the Cargo, $80,326.50 CAD.

28. C.A.T. paid Pepsi Co.'s claim in full on February 14, 2023, and consequently, C.A.T. is subrogated to Pepsi Co.'s interests and claims.

29. Accordingly, C.A.T. made a Cargo Loss and Damage Claim to Gill in the amount of $80,326.50 CAD.

30. Due to Gill's receipt of the Cargo, and failure to deliver the Cargo in good condition, C.A.T. incurred damages in an amount to be determined more fully at trial in excess of $80,326.50 CAD.

31. Under the Carmack Amendment, 49 U.S.C. § 14706, Gill is liable to C.A.T. for an amount to be proven at trial in excess of $80,326.50 CAD.

**WHEREFORE**, C.A.T. Global Inc. respectfully prays for judgment as follows:

A. For damages related to the loss of the Goods, in an amount to be proven at trial in excess of $80,326.50 CAD plus reasonable attorney fees and costs;

B. For prejudgment interest to the extent permitted by law; and

4

C.    For such other and further relief as the Court may deem just and proper.

FOSTER SWIFT COLLINS & SMITH PC,

*/s/ Dirk H. Beckwith*
DIRK H. BECKWITH (P35609)
Attorneys for Plaintiff
28411 Northwestern Hwy., Ste. 500
Southfield, MI 48034
(248) 539-9918
dbeckwith@fosterswift.com


BENESCH FRIEDLANDER COPLAN &
ARONOFF LLP

*/s/ Eric L. Zauld*
ERIC L. ZALUD
Co-Counsel for Plaintiff
127 Public Square, Ste. 4900
Cleveland, OH 44114
216.363.4178
ezalud@beneschlaw.com

5

## JURY DEMAND

C.A.T. Global Inc. hereby demands a trial by jury on all issues so triable herein.

FOSTER SWIFT COLLINS & SMITH PC

_____
DIRK H. BECKWITH (P35609)
Attorneys for Plaintiff
28411 Northwestern Hwy., Ste. 500
Southfield, MI 48034
(248) 539-9918
dbeckwith@fosterswift.com

BENESCH FRIEDLANDER COPLAN & ARONOFF LLP

  /s/ Eric L. Zalud
ERIC L. ZALUD
Co-Counsel for Plaintiff
127 Public Square, Ste. 4900
Cleveland, OH 44114
216.363.4178
ezalud@beneschlaw.com

# EXHIBIT A



Clare R. Taft
127 Public Square, Suite 4900
Cleveland, Ohio 44114-2309
Phone: (216) 363-4435
Fax: (216) 363-4588
ctaft@beneschlaw.com

October 24, 2023

**VIA FEDEX**

Pawanjit Singh
Gill X Transport Group
128 Starhill Crescent
Brampton, Ontario
L6R 2P9

   *Re:* *Demand for Payment in the Amount of: $80,326.50 CAD*
     *Claimant: C.A.T. Global Inc.*
     *Date of Loss: November 19, 2022*

Dear Mr. Singh:

  Please be advised that this firm represents C.A.T. Global Inc. ("C.A.T.") regarding its claim for damages against Gill X Transport Group ("Gill X"). Gill X, as motor carrier, was to transport a load of McCormick spices (the "Cargo") from La Cie McCormick Canada Co. in Mississauga, Ontario to Taber Plant in Taber, Alberta on or about November 19, 2022. Gill X picked up the Cargo on or about November 15, 2022 in Mississauga. The Cargo was held by Gill X and delivered three weeks late with a broken seal. The Cargo was refused by C.A.T.'s customer, the consignee, Pepsi Co., due to fear of contamination as a result of the broken seal. Pepsi Co. made a claim with C.A.T. in the amount of $80,326.50 CAD. As a result, *Gill X is liable to C.A.T. for the damage to the Cargo, totaling $80,326.50 CAD.*

  The facts here clearly and unequivocally demonstrate Gill X's liability for the damage to the Cargo. The Cargo was picked up by Gill X on November 15, 2022. The shipping documents indicated clearly that the trailer seal was not to be broken and that the Cargo was to be delivered on November 19, 2022. The Cargo arrived three weeks late with a broken seal. Pepsi Co. refused the Cargo and made a claim with C.A.T. for the value of the Cargo, *$80,326.50 CAD*. C.A.T. paid that claim in full on February 14, 2023. Gill X is legally obligated to pay for the loss of the Cargo.

  Gill X's liability for the damage to the Cargo is evident pursuant to U.S. Federal Law, as the bill of lading incorporates the Carmack Amendment, 49 U.S.C. §14706, which makes the carrier, Gill X, liable for loss to goods in transit. A prima facie claim under the Carmack Amendment requires (1) delivery of the goods in good condition by the shipper to the carrier; (2) delivery by the carrier in damaged condition or lost; and (3) damages suffered by the shipper. *Missouri Pac. R.R. v. Elmores & Stahl*, 377 U.S. 134, 138 (1964). Here, Gill X is liable for the loss of the Cargo: the Cargo was delivered to Gill X in good condition; the Cargo was damaged while it was in Gill X's possession. C.A.T. suffered damages totaling *$80,326.50 CAD*. Gill X is therefore liable for the damage to the Cargo and must pay C.A.T. *$80,326.50 CAD*.

October 24, 2023
Page 2

      I trust that we can reach a speedy resolution to this claim. However, if Gill X fails to make the above-referenced payment of the claim for *$80,326.50 CAD,* C.A.T. will pursue all legal remedies available to it under the law.

      ***Please make payment for the total amount of the loss, $80,326.50 CAD*** to counsel for C.A.T. at the following address, no later than **November 6, 2023**:

Benesch Friedlander Coplan and Aronoff
127 Public Square, Suite 4900
Cleveland, Ohio 44114

Thank you for your anticipated cooperation.

                                       Sincerely,

                                       BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP

                                       *s/Clare R. Taft*
                                       Clare R. Taft

CRT/jvf